UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                           Case No. 15-20723
                                                         Hon. Matthew F. Leitman

v.

D-2    JELLIE VILLALON,

       Defendant.
_____/

## **PRELIMINARY ORDER OF FORFEITURE**

A Second Superseding Indictment was filed on or around October 4, 2016 which charged Defendant with Conspiracy to Distribute and Possess With Intent to Distribute Controlled Substances pursuant to 21 U.S.C. §§ 841(a)(1), 846 (Count One); Unlawful Distribution of Controlled Substances pursuant to 21 U.S.C. § 841(a)(1) (Counts Two-Thirty-Seven); and Conspiracy to Commit Healthcare Fraud pursuant to 18 U.S.C. § 1349 (Count Thirty-Eight); and Health Care Fraud pursuant to 18 U.S.C.§ 1347 (Counts Thirty-Nine – Forty-Nine). The Second Superseding Indictment also sought criminal forfeiture pursuant to 18 U.S.C. § 982(a)(7) of any property, real or personal, constituting or derived from, any gross proceeds obtained directly or indirectly or any property used or intended to be used, in any manner, to facilitate the commission of the violations charged within the Second Superseding Indictment.

On February 28, 2017, Defendant pled guilty to Count Thirty-Eight of the Second Superseding Indictment. As part of the Rule 11 Plea Agreement ("Rule 11"), Defendant agreed to the forfeiture of the following (hereinafter "Subject Property"):

- Sixty-Eight Thousand Fifty Dollars ($68,050) in U.S. Currency from inside a safe located at XXXX NW 207th Drive, Miami Gardens, Florida; and

- Forty-Six Thousand Five Hundred Seventy-Nine Dollars ($46,579) in U.S. Currency, which is the combined total of Forty-Three Thousand Seven Hundred Thirty-Two Dollars and Sixty-Six Cents ($43,732.66) from Bank of America Account #XXXXXXXX3617 and Two Thousand Eight Hundred Forty-Six Dollars and Seventy-Four Cents ($2,846.74) from Bank of America Account #XXXXXXXX1824.

In her Rule 11, Defendant knowingly, voluntarily, and intelligently waived any challenge to the above-described forfeiture of the Subject Property based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

In her Rule 11, Defendant acknowledged she understood forfeiture of the Subject Property is part of the sentence that may be imposed on her in this case and waived her right to challenge any failure by the Court to advise her of this at the time her guilty plea was accepted, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J). Defendant also expressly waived her right to have a jury determine the forfeitability of her interest in the above identified property as provided by Rule

32.2(b)(4) of the Federal Rules of Criminal Procedure.

NOW, THEREFORE, based upon the Second Superseding Indictment, the Defendant's agreement to forfeiture, and other information in the record:

**IT IS HEREBY ORDERED** that the Subject Property IS FORFEITED to the United States for disposition according to law, and any right, title or interest of Defendant, and any right, title or interest that her heirs, successors or assigns have, or may have, in any of the Subject Property is HEREBY AND FOREVER EXTINGUISHED.

**IT IS FURTHER ORDERED** that upon entry of this Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), Rule 32.2 of the Federal Rules of Criminal Procedure, and other applicable rules, the United States shall publish on [www.forfeiture.gov](www.forfeiture.gov), notice of this Stipulated Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in any of the Subject Property. The aforementioned notice shall direct that any person, other than the Defendant, asserting a legal interest in any of the Subject Property must file a petition with the Court within sixty (60) days of the first date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the

validity of the petitioner's alleged interest in any identified Subject Property. Any petition filed by a third party asserting an interest in any of the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in any identified Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in any identified Subject Property, and any additional facts supporting the petitioner's claim, and the relief sought.

**IT IS FURTHER ORDERED** that after the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

**IT IS FURTHER ORDERED** that pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to Defendant at the time of entry and forfeiture of the Subject Property and shall be made part of the Defendant's sentence in this case and included in the Judgment. If no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Preliminary Order of Forfeiture shall become the Final Order of Forfeiture, as provided by Federal Rule of Criminal Procedure 32.2(c)(2). If a third party files a petition for ancillary hearing for any of the Subject

Property, the Court shall enter an Amended Order of Forfeiture and/or a Final Order of Forfeiture that addresses the disposition of any third party petitions.

**IT IS FURTHER ORDERED** that after this Preliminary Order of Forfeiture becomes the Final Order of Forfeiture and/or after the Court enters a Final Order of Forfeiture that addresses the disposition of any third party petitions, the United States shall have clear title to the Subject Property and shall be authorized to dispose of the Subject Property in such manner as the Attorney General may direct.

**IT IS FURTHER ORDERED** that the Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

******************************************************************

**IT IS SO ORDERED.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 1, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 1, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764